UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL L. ROUSE,

    Petitioner,

v.

JEFFREY A. UTTECHT,

    Respondent.

CASE NO. 3:19-cv-06145-BHS-JRC

ORDER

The District Court has referred this action filed under 28 U.S.C. § 2254 to United States Magistrate Judge J. Richard Creatura. On November 19, 2019, petitioner initiated this action challenging his state court convictions and sentence. *See* Dkts. 1. 12. Respondent filed his answer on January 27, 2020. Dkts. 17, 18. The Court has reviewed the petition, respondent's answer, and the state court record. *See* Dkts. 12, 17, 18.

In the answer, filed on January 27, 2020, respondent argues that petitioner has not yet appealed his convictions or filed a petition for collateral relief, and therefore, the petition should be dismissed without prejudice because petitioner still has an available state remedy. Dkt. 17.

However, since respondent filed the answer, petitioner's time to file petition for collateral attack in state court has passed. *See* Dkts. 12, 17, 18. *See* RCW § 10.73.090 (no petition or motion for collateral attack may be filed more than one year after the judgment becomes final). If petitioner did not file any form of collateral relief in state court on or before March 13, 2020, he would be procedurally barred from doing so, and the petition should be dismissed with prejudice. *See id.* Based on the record before the Court, it is not clear if petitioner sought collateral review in state court, or if he has procedurally defaulted on all his claims. *See Casey v. Moore*, 386 F.3d 896, 920 (9th Cir. 2004); *Eisermann v. Penarosa*, 33 F. Supp. 2d 1269, 1274 (D. Haw. 1999) ("[I]f a petitioner has never raised his federal claim to the highest state court available and is now barred from doing so by a state procedural rule, exhaustion is satisfied because no state remedy remains available, but the petitioner has procedurally defaulted on his claim.").

Accordingly, the Court needs additional information to make a determination on the petition. The Court orders respondent to supplement his answer and inform the Court whether petitioner's claims are procedurally defaulted. Respondent's supplemental answer must be filed on or before April 20, 2020. Petitioner's supplemental response, if any, is due April 27, 2020. The Clerk is ordered to re-note the petition for consideration on April 27, 2020.

Dated this 20th day of March, 2020.

J. Richard Creatura
United States Magistrate Judge