UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL L. ROUSE,

          Petitioner,

v.

JEFFREY A. UTTECHT,

          Respondent.

CASE NO. 3:19-cv-06145-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: July 17, 2020

The District Court has referred this action to United States Magistrate Judge J. Richard Creatura. Petitioner Daniel Lee Rouse filed his federal habeas petition on November 19, 2019 pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkts. 1, 12.

Petitioner requests that he be allowed to voluntarily dismiss his habeas petition as he intends to return to state court to exhaust his claims. Dkt. 24. Respondent does not oppose voluntary dismissal and has affirmatively stated that he will not suffer any legal prejudice if the habeas petition is dismissed without prejudice. Therefore, the Court recommends that

REPORT AND RECOMMENDATION - 1

1  petitioner's motion for voluntary dismissal (Dkt. 24) be granted and petitioner's habeas petition
2  be dismissed without prejudice. The Court further recommends that the sole outstanding motion
3  (Dkt. 20) be denied as moot.

4  **BACKGROUND**

5  Petitioner is in custody under a state court judgment and sentence imposed of two counts
6  of possession of a controlled substance and one count of harassment. Dkt. 18, Exhibit 1.
7  Petitioner was sentenced on March 13, 2019. Petitioner did not appeal his judgment and sentence
8  in state court. *Id.*; Dkt. 3. Petitioner filed this petition on November 19, 2019. Dkts. 1, 12.

9  Petitioner raises four grounds for relief all based on his claim he is unlawfully detained
10 and claims that the State of Washington does not have jurisdictional authority to decide federal
11 matters. Dkt. 12. On January 27, 2020 respondent filed an answer, wherein he asserts that
12 petitioner has not properly exhausted his available state court remedies and maintains the petition
13 should be dismissed without prejudice, or in the alternative, dismiss with petition on the merits
14 because petition fails to present a federal claim. Dkts. 17, 18.  Petitioner did not file a traverse,
15 but filed a motion for summary judgment on March 12, 2020. Dkt. 20.

16 On March 20, 2020, the Court ordered respondent to supplement the answer and inform
17 the Court whether petitioner's claims were procedurally defaulted. Dkt. 22. Respondent filed the
18 supplemental answer on April 1, 2020. Dkt. 23. On April 9, 2020, petitioner filed a supplemental
19 response and motion for voluntary dismissal. Dkt. 24. On May 13, 2020, respondent filed a
20 response to the motion for voluntary dismissal stating no objection. Dkt. 26.

21 **DISCUSSION**

22 Federal Rule of Civil Procedure 41 sets forth the circumstances under which an action
23 may be dismissed. Under Rule 41(a)(1), an action may be voluntarily dismissed without
24

1 | prejudice by a petitioner if the petitioner files a notice of dismissal before the respondent files an
2 | answer and the petitioner has not previously dismissed an action "based on or including the same
3 | claim." Fed. R. Civ. P. 41(a)(1); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).
4 | Once the respondent has responded to the petition, the action may only be dismissed by
5 | stipulation of dismissal signed by all parties who have appeared or "by court order, on terms that
6 | the court considers proper." Fed. R. Civ. P. 41(a)(1), (2). In the Ninth Circuit, a district court
7 | should grant a motion for voluntary dismissal unless the respondent can show that he will suffer
8 | some plain legal prejudice as a result. *See Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090,
9 | 1093 (9th Cir. 2017); *Smith v. Lenches*, 263 F.3d 972, 975-76 (9th Cir. 2001).

Petitioner filed his motion for voluntary dismissal after respondent filed his response to the habeas petition and respondent provided supplemental briefing. *See* Dkts. 22, 23, 24. Thus, petitioner may only voluntarily dismiss his petition by stipulation or court order.

Here, respondent does not oppose petitioner's motion to voluntarily dismiss his habeas petition. Dkt. 26. Respondent states that he will not suffer the legal prejudice. *Id.* Because respondent will not suffer prejudice, and because petitioner appears to intend to exhaust several additional habeas grounds before including them in a future habeas petition, the Court finds that petitioner should be allowed to withdraw his habeas petition and resubmit it at a later date.

Therefore, the Court recommends that petitioner's motion for voluntary dismissal (Dkt. 24) be granted and that the petitioner be dismissed without prejudice.

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would

entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this report and recommendation, the Court recommends granting petitioner's motion for voluntary dismissal.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of petitioner's claims or would conclude the issues presented in the petition should proceed further. Therefore, the Court concludes that petitioner is not entitled to a certificate of appealability.

## CONCLUSION

For the reasons stated above, the Court recommends that petitioner's motion for voluntarily dismissal (Dkt. 24) be granted, petitioner's habeas petition be dismissed without

REPORT AND RECOMMENDATION - 4

prejudice, and the sole outstanding motion (Dkt. 20) be denied as moot. No evidentiary hearing is necessary, and a certificate of appealability should be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on July 17, 2020 as noted in the caption.

Dated this 18th day of June, 2020.

J. Richard Creatura
United States Magistrate Judge